BOYD *v.* MITCHELL.

Opinion delivered March 30, 1901.

SCHOOL DISTRICTS—USE OF BUILDING FOR RELIGIOUS WORSHIP.—Under Sand. & H. Dig., § 7042, giving to the directors the care and custody of school houses and other property belonging to the district, and requiring them to preserve the same, school directors have the right to prohibit the use of a school building for religious worship where it is shown that the building and its contents were being injured, notwithstanding the land on which the school is situated was conveyed to trustees for the purpose of religious worship, and was by them conveyed to the school directors for the same purpose, and the building was erected in part by subscriptions, with the understanding that it was to be so used under the charge of the directors.

Appeal from Lincoln Chancery Court.

MARCUS L. HAWKINS, Chancellor.

STATEMENT BY THE COURT.

This is an appeal from a decree of the Lincoln chancery court brought by appellees as trustees for the public to compel the school directors of School District No. 45 of said county to open for religious worship a school house alleged in the complaint to have been built by said district and by private subscriptions, upon the agreement and understanding between the directors of said school district and said subscribers that the same should be for school house and be used also for religious services, when school was not being kept therein, and to enjoin said school directors from preventing its use for religious services. After hearing

the testimony, the court granted the prayer of the complaint, and ordered an injunction as prayed for, from which decree the school directors appealed to this court.

On the 7th of November, 1883, H. C. Stephens executed and delivered to appellees, as trustees, the deed of trust exhibited with their complaint, providing that the tract of land upon which the building is situated should be held by them in trust for the following purposes, to-wit: "That said land be a free burial ground for white people only, and that it is understood and agreed that said ground is to be free for all denominations to build their churches, and the first church built shall have preference; provided said land shall be used by white people only. After these conditions the trustees may build school houses, or erect any other improvement they may think proper; *provided that all improvements and expenditures shall be and remain thereon for that purpose for all time to come."* At the annual school meeting held in May, 1894, the electors of School District No. 45 voted an appropriation of $150 for the purpose of building a school house on the tract of land mentioned in the deed of trust. The directors of said district got permission of the trustees of said land to build a schoolhouse thereon, and the house was built in accordance with said agreement. The school house was paid for by warrants issued by the directors of said district and by subscriptions. The house and furniture cost $640.75, of which about $150 was paid by subscriptions. It was agreed and understood that the directors were to control said house as a school house, it being clearly set forth in the subscriptions circulated that said house would be used for educational and religious purposes, in charge of the directors of said district.

The house was so used until the seats and desks were injured by large persons sitting on them during religious services, when the directors met and decided that it would be best to put up public notices · forbidding anyone entering the house without having obtained permission from the directors. There were also complaints of the loss of books, slates, pencils, and damage done to the house, when the directors considered it their duty to deny the use of the house for any other than school purposes. No power is given the so-called trustees to sue or be sued in the deed of trust.

*F. M. McGehee,* for appellants.

Appellees have no right to sue as trustees. 27 Ark. 122; 59 Ala. 335. The directors had power to control the school building. Sand. & H. Dig., § 7042.

HUGHES, J., (after stating the facts). Passing by the question, of the right of the trustees to sue in this case, and the power of the directors of the School District No. 45 to make an agreement to build a house to be used as a school house and also as a church, or as a place for religious worship, we think it is clearly shown that the house was, when built, to be under the control of the directors of the school district, and was the property of said district. If it was to be under their control, in contemplation of law it was within their province, and was, perhaps, in strictness, their duty, not to allow it used for purposes other than school purposes. It seems that this is apparent. They have no power, beyond those expressly granted or arising by necessary implication.

Section 7042 of Sandels & Hill's Digest provides that the directors "shall have the care and custody of the school house and grounds, the books, records, papers, and other property belonging to the district, and shall carefully preserve the same, preventing waste and damage."

It appears in this case that by the use of the school house for religious worship the seats were being damaged, and the books, pencils, etc., of the school children were being injured by persons attending the meetings for religious worship.

In the exercise of their power of control and their duty to preserve the property of the district, the school directors of this district did right, we think, in prohibiting the use of the school house for religious meetings. It is true that about $150 were contributed by individuals to be used, and which were used, in erecting the schoolhouse, upon the understanding that the house was to be used for a school house and for religious worship. This house was to be in charge of the directors of the district, and was so stated in the subscription lists upon which the $150 were subscribed. This could make no difference in the power and duty of the directors to control and protect the property of the district.

The decree is reversed, and the cause is dismissed.